# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARVENA DAVIS, | ) |
| | ) |
| Plaintiff, | ) Case No. 09 C 2261 |
| | ) |
| v. | ) Magistrate Judge |
| | ) Martin C. Ashman |
| SERVISAIR and NIPPON CARGO AIRLINES CO., INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Arvena David ("Davis") sued Servisair and Nippon Cargo Airlines Co., Inc. ("Defendants"), under tort law theories in the Circuit Court of Cook County. Defendants filed a notice of removal in this Court on April 14, 2009. Then, on June 22, 2009, Davis filed a Motion For Remand to state court, which is the motion currently before this Court. The parties consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. 28 U.S.C. § 636(c); N.D. Ill. R. 73.1. For the reasons stated below, the Court grants Davis' motion.

### I. Discussion[1]

Federal jurisdiction for this lawsuit is based on diversity of citizenship under 28 U.S.C. 1332–and it is that section of the United States Code over which the parties quibble. Specifically,

---

[1] The Court omits a "Background" section in this Opinion because the facts, other than those already discussed, relate only to damages. The Court will incorporate these facts, which are small in quantity, into its "Discussion" section.

the parties dispute the amount of money in controversy. Defendants contend that the amount in controversy exceeds $75,000.00 and, therefore, provides this Court with diversity jurisdiction. (Defs.' Opp'n to Pl.'s Mot. to Remand ("Defs.' Opp'n") 1-2.) Davis, on the other hand, argues that the amount in controversy is less than $75,000.00. Defendants also argue that the motion is untimely. (Defs.' Opp'n 2.)

After a case has been noticed for removal, the plaintiff may move to remand the case to state court. 28 U.S.C. § 1447(c). While the statute prescribes a thirty-day limit for filing most motions to remand, that limit does not apply to remand motions challenging the court's subject-matter jurisdiction. *Id.* ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a)."); *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 391, 392 (1998) ("For [lack of subject-matter] case[s], remand may take place without [a] motion [to remand] and at any time."); *In re Continental Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994) (stating that motions to remand based on procedural defects must be filed within thirty days). These may be filed at any time. 28 U.S.C. § 1447(c); *Schacht*, 524 U.S. at 392; *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993) (stating that, "if [the party opposing removal] asserts that the federal court lacks subject matter jurisdiction, he may move to remand at any time before final judgment.") Additionally, the court also must remand the case "[i]f[,] at any time before final judgment[,] it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see Kircher v. Putnam Funds Trust*, 373 F.3d 847, 849 (7th Cir. 2004) ("Lack of subject-matter jurisdiction is a ground on which remand is authorized (indeed, required) by § 1447(c)[.]"), *vacated on other grounds and remanded by* 547 U.S. 633

(2006); *see also In re Continental*, 29 F.3d at 294 (holding that sua sponte remands based on procedural defects are improper because they may deprive both parties of their desired litigation forum).

This language disposes of Defendants' argument that Davis did not bring a timely motion. A motion to remand based on subject matter jurisdiction can be brought at any time, and the Court may even consider the matter sua sponte. Thus, the Court rejects Defendants' argument that Davis did not timely file her motion to remand.

Nevertheless, the Court still must address whether the removal was substantively proper. A defendant may remove an action from state court if the district court to which the action is removed has original jurisdiction over the claim.[2] 28 U.S.C. § 1441(a). Since the Court's subject-matter jurisdiction in this case is based on diversity of citizenship, it looks to 28 U.S.C. § 1332. As the diversity of the parties is not contested, the relevant provision of § 1332 concerns the amount of money at issue: "district courts shall have original jurisdiction of all civil actions where the mater in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interests." 28 U.S.C. § 1332(a).

Where the amount in controversy is contested, the party invoking federal jurisdiction must prove facts showing the plaintiff's damages exceed $75,000.00 by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established,

---

[2] Removal also must comply with the procedures set forth in 28 U.S.C. § 1446, which include timely filing the notice of removal in the district court to which the case is removed. Since none of these procedures are at issue here, the Court does not discuss them.

uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal."); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (stating that the party invoking federal jurisdiction "bears the burden of demonstrating that removal is proper"); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). This includes proving facts showing that the amount-in-controversy requirement is satisfied on the day the suit was removed. *Oshana*, 472 F.3d at 510-11. In making this determination, the court may rely on the evidence presented to it by the parties, regardless of whether it was contained in the record on the date of removal. *Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997) ("The test should simply be whether the evidence sheds light on the situation which existed when the case was removed.")

A plaintiff's stipulation to a damage amount not exceeding $75,000.00 is a surefire method to avoid removal or to force remand. *Id.* But stipulations are not required, and parties who claim damages under $75,000.00 are not presumed to claim more than that amount. The law still requires the proponent of jurisdiction to "prove facts that determine the amount in controversy." *Meridian*, 441 F.3d at 541. The removing party may do this using contention interrogatories, admissions in state court, by calculating damage from the plaintiff's complaint, by referring to the plaintiff's informal estimates or settlement demands, or by introducing expert testimony as to damages. *Id.* at 541-42. A defendant's good-faith belief that damages exceed $75,000.00 will be sufficient proof of the amount in controversy only where the plaintiff refuses to admit its recovery will not exceed that amount, and other facts suggest a recovery would exceed that amount. *Oshana*, 472 F.3d at 511-12 (finding that the amount-in-controversy requirement was satisfied where the defendant held a good-faith belief that the plaintiff sought

damages in excess of $75,000.000, and that the plaintiff engaged in a "cat-and-mouse game" regarding the amount of damages claimed to avoid federal jurisdiction). If the party seeking removal proves facts showing the amount-in-controversy requirement is met, the opposing party "can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Here, Defendants have failed to point to any evidence of the kind described by the Seventh Circuit. Instead, they claim that Davis' complaint, which requests damages in excess of $50,000.00 (Compl. 5.), is sufficient to meet the amount-in-controversy requirement. Defendants do not rely on any damage calculation to support this argument. Oddly, it is *Davis* who relies on the a damages calculation, proving Defendants wrong–a doubly whammy since it is Defendants' burden, not Davis', to prove jurisdictional facts. Davis correctly points out that she claims medical specials in the amount of $12,786.20 and lost wages in the amount of $1,686.16, which combined total less than the $75,000.00 requirement under § 1332(a). (Pl.'s Mot. Ex. C.) Most of these medical bills are from physical therapy Davis received, and she never underwent any surgical procedure. (Pl.'s Mot. 2.) Additionally, Davis has not made any claim that the she incurred a permanent injury, and she averred in her motion that she is no longer treating the injury–i.e., no longer going to doctors or receiving physical therapy. (Pl.'s Mot. 2.) Also, Davis points out that her worker's compensation claim settled for $12,646.00, showing the extent of damages to be below $75,000.00.

Defendants' last-gasp citation–*Geschke v. Air Force Ass'n*, 425 F.3d 337, 341 (7th Cir. 2005)–does little to prevent its argument from drowning. Contrary to Defendants' suggestion,

*Geschke* did not hold that the mere possibility of a damage award in excess of $75,000.00 proved the federal court had jurisdiction. (Defs.' Mot. 2.) In *Geschke*, the plaintiff brought three claims against the defendant, each ranging from $20,000.00 to $50,000.00, and also requested punitive damages. 425 F.3d at 340-41. Based on the aggregate case, the Court found that "[t]he amount at stake was . . . clearly above the [$75,000.00] mark." *Id.* at 341.

Here, by contrast, Davis' current medical specials total less than $13,000.00, and she does not allege her injury is permanent; she even states she is no longer seeing doctors or treating the injury. Although her complaint does seek damages in excess of $50,000.00, it does not necessarily follow that her claim exceeds $75,000.00 under §1332(a)–the burden is on Defendants to prove facts showing that. While Davis does claim damages for pain and suffering, an award meeting the amount-in-controversy requirement would be more than six times the amount of her medical specials.

On these facts, no reasonable jury could find Davis was entitled to more than $75,000.00. Additionally, there are no other facts that indicate Davis claims more than $75,000.00–and she has not played a damages game of "cat and mouse" to avoid federal jurisdiction. *Oshana*, 472 F.3d at 512. In light of Defendants' failure to provide *any* evidence as to the extent of Plaintiff's damage claim, the mere fact that Davis' complaint seeks an amount above $50,000.00, is not enough, by itself, to meet the amount-in-controversy requirement.

## II. Conclusion

Based on the foregoing analysis, the Court finds that Defendants failed to prove that this Court has subject-matter jurisdiction over Davis' claim; therefore, the Court grants Davis' Motion to Remand. The case is hereby remanded to the Circuit Court of Cook County.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** October 20, 2009.